# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| **ELISHA RIGGLEMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:10-1411** |
| ) | |
| **J. ZEIGLER, Warden,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss (Document No. 7.), filed on August 9, 2012. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by Defendants in moving to dismiss. (Document No. 7.) Plaintiff has not filed a response.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 27, 2010, Plaintiff, acting *pro se*, filed a Motion for Disclosure Pursuant to the Freedom of Information Act [FOIA]. (Document No. 1.) In support his Motion, Plaintiff states as follows:

> The above petitioner makes this petition for the following documents that is not classified or considered sensitive in nature. All documents, including specifically a request/copout that was submitted to the Unit Manager of Pine Unit, D. Snow, on November 8, 2010, in which Snow claimed that a threat was made, to write a 203 series incident report in which inmate was found guilty of but did not get to review or have a copy of for an appeal. It is clearly stated on the request that I did not want to be put in a situation to stab someone. It did not say that I would stab someone. This is only a cry for help, but now because of it being twisted to his sick way of thinking my security points went from 21 - 29, and now I'm being sent to a maximum security so that now my life is being put in danger. I request that the court expedite this and make respondent reply promptly so that I can save myself from maybe getting stabbed.

(Id.) On December 28, 2010, Plaintiff filed a "Petition for FOIA Act 1966." (Document No. 4.) Specifically, Plaintiff states as follows:

> On November 8, 2010, this Petitioner Elisha R. Riggleman, # 07411-088, received an incident report for threats after putting a request into his Unit Manager of Pine B upper, Mr. D. Snow. On the request it was stated that the Petitioner Elisha Riggleman did not want inmate Anthony Rowe around him that Rowe was trying to pick a fight to get my points of custody raised to that of a USP level to get me transferred. I stated that I did not want to be put in a situation to stab him. Please call me to your office to talk to me about this. This Unit Manger writes Petitioner up on an Incident Report, 203 Threats, and puts him in lock up, and without a hearing finds me guilty of such and raised my custody points so that for sure now I'm going to be in a situation that may require me protecting myself from harm.

(Id.) Plaintiff, therefore, requests "a copy of request that Petitioner wrote to Unit Manager Mr. Snow and copy of Incident Report, and a copy of statement of why custody points were raised." (Id.)

By Order dated August 3, 2012, the undersigned noted that it appeared Plaintiff received the above requested documents as Plaintiff filed them as Exhibits to his Section 2241 Petition in Civil Action No. 5:11-cv-0373.[1] (Document No. 5.) Specifically, the Court noted that Plaintiff filed the follow documents as Exhibits to his Section 2241 Petition:

> Mr. Riggleman's November 7, 2010, Inmate Request to Staff addressed to Unit Manager Snow by which Mr. Riggleman stated that he did not want another inmate placed near him when the other inmate was released from segregation and stating that "I do not want to be put in a situation to where he messes with me and I stab him with a ink pen or something."
>
> Discipline Hearing Officer's Report dated December 13, 2010, and indicating (1) the DHO's determination that Plaintiff/Petitioner committed a Code 203 violation by Mr.

---

[1] By Memorandum Opinion and Order dated September 6, 2011, United States District Judge Berger denied Mr. Riggleman's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus. In his Petition, Mr. Riggleman alleged violations of his constitutional rights in the construing of his November 7, 2010, Inmate Request to Staff as containing a threat in violation of Code 203, a high category prohibited act, and disciplinary proceedings and penalties imposed for his violation of Code 203. (Civil Action 5:11-cv-0373, Document Nos. 16 and 17.)

> Riggleman's statement that he might stab another inmate with a pen in his November 7, 2010, Inmate request to Staff (2) the penalty of disallowance of 27 days of good conduct credit and 15 days of disciplinary segregation (3) notification that Mr. Riggleman had 20 days after his receipt of the DHO's Report to appeal under the administrative remedy procedure and (4) the Report's delivery to Mr. Riggleman on December 29, 2010;
>
> Plaintiff/Petitioner's Regional Administrative Remedy Appeal dated December 29, 2010, the same day Plaintiff/Petitioner received the DHO's Report, asserting that his November 7, 2010, Inmate Request to Staff was 'blown out of proportion. No harm or threat was meant . . ..' and indicating 'warden would not respond to BP-9.'
>
> The Regional Office's Response dated January 21, 2011, rejecting and returning Mr. Riggleman's appeal because he 'did not submit proper number of continuation pages with your request/appeal' and '[t]he text must be legible' and notifying Mr. Riggleman that '[y]ou may resubmit your appeal in proper form within 10 days of the date of this rejection notice.';
>
> Mr. Riggleman Central Office Administrative Remedy Appeal dated January 24, 2011, indicating that he was 'not required to go to the warden when the warden will not reply. I submitted an appeal on paper to him 2 days after being found guilty. I had to do it on paper because form was not available.';
>
> The Central Office's Response dated April 15, 2011, rejecting and returning Mr. Riggleman's appeal and stating that 'you submitted your request or appeal to the wrong level. You should have filed at the institution, regional office, or central office level.' The Response further states that 'you have not completed the processing of this appeal at the regional office.'

(Id.) Notwithstanding the foregoing, the undersigned ordered that Defendants file a Response to Plaintiff's Motion for Disclosure Pursuant to the Freedom of Information Act and "Petition for FOIA Act 1966." (Id.)

On August 8, 2012, Defendants filed their "Response to Court Order Entered August 3, 2012, and Motion to Dismiss." (Document No. 6.) Defendants argue that Plaintiff's Motion and Petition should be dismissed because the issue is moot. (Id., pp. 2 - 3.) Defendants explain that Plaintiff filed his instant Motion and Petition prior to filing his FOIA request with the BOP. (Id., p. 2.) Defendants state that "[b]y letter dated March 28, 2011, Plaintiff filed a FOIA request with the BOP for the

3


documents he seeks in the instant case." (Id.) On April 7, 2011, the BOP responded to Plaintiff's request and released to Plaintiff 13 pages of records, consisting of his Discipline Hearing Officer Report and Packet for Incident Report Number 2087795. (Id.) The DHO Packet included the Incident Report dated November 8, 2010 and the Inmate Request to Staff form submitted to Unit Manager Snow. (Id., pp. 2 - 3.) In support, Defendants attach the following Exhibits: (1) The Declaration of Sarah Lilly (Document No. 6-1, pp. 1 - 2.); (2) A copy of Plaintiff's FOIA Request dated March 28, 2011 (Id., pp. 4 - 7.); and (3) A copy of the letter from the BOP dated April 7, 2011, releasing 13 pages of records to Plaintiff (Id., pp. 9 - 10.)

Plaintiff has not filed a response to Defendants' Motion to Dismiss.

## ANALYSIS

Under Article III, Section 2 of the Constitution of the United States, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). This case or controversy requirement means that plaintiff must continue to have a personal stake in the outcome of the civil action when the Complaint is filed and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id.

In Plaintiff's Motion and Petition, he requests "a copy of the request that Petitioner wrote to Unit Manager Mr. Snow and copy of Incident Report, and a copy of statement of why custody points were raised." According to the Declaration of Sarah Lilly, the BOP provided Plaintiff with a copy of the above requested documents. Specifically, Ms. Lilly states as follows:

      6.      By letter dated March 28, 2011, inmate Riggleman filed a FOIA request with the BOP for the documents he seeks in the instant case.

      7.      On April 7, 2011, the BOP responded to his request and released to him 13 pages of records, consisting of his Discipline Hearing Officer Report and Packet for Incident Report Number 2087795.

      8.      Included in the DHO Packet were the documents inmate Riggleman requested – the Incident Report dated November 8, 2010, and the copout/Inmate Request to Staff form submitted to Unit Manager Snow, which was the subject of the Incident Report.

(Document No. 6-1, pp. 1 - 2.) Additionally, Plaintiff filed a copy of the above requested documents as Exhibits to his Section 2241 Petition in Civil Action No. 5:11-cv-0373. (Civil Action 5:11-cv-0373, Document No. 1, pp. 9 - 32.) The Fourth Circuit has stated that "[i]t is undisputed that a challenge to a particular denial of a FOIA request becomes moot if an agency produces the requested documents." Regional Management Corp., Inc. v. Legal Services Corp., 186 F.3d 457, 465 (4th Cir. 1999). The undersigned, therefore, finds that Plaintiff has received a copy of the above requested documents and his claim should be dismissed as moot.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Defendants' Motion to Dismiss (Document No. 6.), **DISMISS** Plaintiff's Motion for Disclosure Pursuant to the Freedom of Information Act (Document No. 1.) and "Petition for FOIA Act 1966" (Document No. 4.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 10, 2012.

R. Clarke VanDervort
United States Magistrate Judge