IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ELISHA RIGGLEMAN,

    Petitioner/Plaintiff,

v.                                                  CIVIL ACTION NO. 5:10-cv-01411

J. ZIEGLER and
JO EVA BEAN,

    Respondents/Defendants.

**MEMORANDUM OPINION AND ORDER
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

On December 27, 2010, Petitioner filed his letter form *Freedom of Information Act FOIA Act of 1966* (Document 1) and *Petition for FOIA Act 1966* (Document 4) in the above-styled matter requesting certain information regarding a prison disciplinary matter pursuant to the Freedom of Information Act ("FOIA"). By Standing Order (Document 2) entered on December 27, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 3, 2012, the assigned Magistrate Judge ordered the Defendants to file a response to Plaintiff's motion for disclosure on or before August 15, 2012. (See Order (Document 5)). On August 8, 2012, Defendants filed their written response and moved to dismiss this action on the ground that the issue in the case was moot. (*Response to Court Order Entered August 3, 2012 and*

*Motion to Dismiss)* (Document 6). Defendants assert that the Plaintiff filed a FOIA request with the Bureau of Prisons ("BOP") on March 28, 2011, after filing this instant dispute, requesting his disciplinary sanction documentation, and that a response was provided by the BOP on April 7, 2011. (Defs.' Resp. at 2.) Thereafter, on August 9, 2012, Magistrate Judge VanDervort ordered Plaintiff to file a response to Defendants' motion to dismiss by August 22, 2012. No such response was filed.

On September 10, 2012, the Magistrate Judge submitted Proposed Findings and Recommendation ("PF&R") (Document 8), wherein it is recommended that this Court grant Defendants' Motion to Dismiss, dismiss Plaintiff's Motion for Disclosure Pursuant to the Freedom of Information Act and Petition for FOIA Act 1966, and remove this matter from the Court's docket.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir.1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). Objections to the PF&R in this case were due by September 27, 2012. To date, no party has filed objections to the Magistrate Judge's PF&R.

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the Proposed Findings and Recommendation, and **ORDERS** that Defendants' Motion to Dismiss (Document 6) be **GRANTED**. The Court further **ORDERS**

that Petitioner's Freedom of Information Act FOIA 1966 (Document 1) and Petition for FOIA Act 1966 (Document 4) be **DISMISSED** and that this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 2, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA